UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHALON LEE C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:23-CV-6160-DWC <br><br> ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI") and disability insurance benefits ("DIB").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider a medical opinion. Had the ALJ properly considered the evidence, the ALJ may have found the residual functional capacity ("RFC") assessment should have included additional limitations. The ALJ's errors are therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 1

U.S.C. §405(g) to the Commissioner of the Social Security Administration for further proceedings consistent with this Order.

## I. Procedural History

Plaintiff applied for benefits in December 2020 and alleges disability as of May 6, 2020. Dkt. 7, Administrative Record ("AR") 17. The applications were denied on initial review and reconsideration and, on March 1, 2023, ALJ John M. Dawling determined Plaintiff was not disabled. AR 17-29. The Appeals Council denied Plaintiff's request for review, making the March 2023 decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

## III. Discussion

In the Opening Brief, Plaintiff alleges the ALJ erred by failing to properly consider Dr. Kathryn Johnson, Ph.D.'s medical opinion. Dkt. 13. Plaintiff requests the Court remand this case for further administrative proceedings. *Id*.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 2

A. *Legal Standard*

The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed her claim after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, ALJ's must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using the factors listed. *See* 20 C.F.R. § 404.1520c(a), 416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 20 C.F.R. 404.1520c(b)(2), 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

B. *Dr. Johnson's Opinion*

On August 25, 2021, Dr. Johnson completed a Psychological Diagnostic Interview. AR 643-49. Dr. Johnson reviewed Plaintiff's medical reports and conducted a clinical interview and

mental status examination ("MSE"). AR 643-49. Dr. Johnson diagnosed Plaintiff with major depressive disorder, unspecified anxiety disorder, and grief reaction. AR 647. She opined that, based on Plaintiff's psychological conditions alone,

> [Plaintiff] would likely have significant difficulty focusing and persisting on tasks over time. She is preoccupied by her pain and grief and may be more prone to errors as a result. [Plaintiff] should be capable of understanding and following basic instructions. Complex tasks would be challenging for [Plaintiff] given her limited education and distractibility. [Plaintiff] should be able to interact appropriately with coworkers and the public.

AR 648.

C. *ALJ's Decision*

In considering Dr. Johnson's opinion, the ALJ stated,

> The opinion of Dr. Johnson was also considered (6F/6). The portion of her opinion regarding the claimant's opinion to understanding and following basic instructions and interact with co-workers and the public is supported by her examination showing normal memory, pleasant and cooperative attitude, and euthymic mood (6F/4). This portion is also consistent with the medical record showing intact memory, normal mood, and normal affect (8F/5, 19; 12F/5, 11; 14F/3). The portion of Dr. Johnson's opinion involving significant difficulty focusing and persisting on tasks over time and difficulty performing complex tasks due to distractibility is unsupported by her findings of linear and goal-directed thoughts with adequate concentration (6F/4-5). It is also inconsistent with the claimant's reports of taking care of household tasks as needed, checking her blood sugar daily, driving, and finishing what she starts (10E; 6F/5). Additionally, this limitation is inconsistent with any finding of distractibility or attentional abnormality on a medical evaluation in the record. Overall, this portion is partially persuasive.

AR 27.

First, Plaintiff asserts the ALJ found Dr. Johnson's opinion persuasive as to Plaintiff's ability to understand and follow basic instructions and interact with the public and coworkers, but the ALJ failed to include these limitations in the RFC. Dkt. 13 at 6. The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 4

explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

As stated above, the ALJ found Dr. Johnson's opinion persuasive as to Plaintiff's ability to understand and follow basic instructions and interact with the public and coworkers. *See* AR 27. The ALJ, however, does not explain how the RFC accounts for Dr. Johnson's opinions regarding Plaintiff's mental limitations and the RFC does not expressly contain mental functioning limitations. *See* AR 23. As the ALJ found portions of Dr. Johnson's opinion persuasive but failed to include any of the limitations in the RFC, the Court cannot determine the ALJ properly considered the evidence. Accordingly, the ALJ erred in finding Dr. Johnson's opinion persuasive-in-part but not including the relevant limitations in the RFC. *See Flores*, 49 F.3d at 571 (an "ALJ's written decision must state reasons for disregarding significant, probative evidence"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Second, the ALJ found Dr. Johnson's opinion that Plaintiff has significant difficulties focusing and persisting on tasks over time and difficulties performing complex tasks due to distractibility ("remaining opinion") unpersuasive because the remaining opinion was (1) unsupported by Dr. Johnson's findings of linear and goal-directed thoughts with adequate concentration, (2) inconsistent with the claimant's reports of activities of daily living ("ADLs"), and (3) inconsistent with any finding of distractibility or attentional abnormality on a medical evaluation in the record. AR 27.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 5

The ALJ found Dr. Johnson's remaining opinion was unsupported by Dr. Johnson's findings as to linear and goal-directed thoughts. AR 27. The ALJ has failed to explain why linear and goal-directed thoughts during the MSE are inconsistent with the inability to focus and persist on tasks over time and perform complex tasks. Moreover, Dr. Johnson found Plaintiff could adequately concentrate for the evaluation, but did not say the evaluation required her to focus and persist over time or involved complex tasks. *See* AR 647. Further, Dr. Johnson noted that Plaintiff reported significant difficulties with attention and concentration. AR 647. Plaintiff also recalled only 2 of 3 objects after five minutes, indicating Dr. Johnson may have found Plaintiff had difficulty focusing and remembering. AR 646. Finally, Dr. Johnson noted Plaintiff's ability to complete complex tasks was not limited to only Plaintiff's distractibility but also to her education level and Dr. Johnson found Plaintiff demonstrated a limited fund of general knowledge. AR 646, 648. For these reasons, the ALJ's finding that Dr. Johnson's remaining opinion was unsupported by Dr. Johnson's findings is not supported by substantial evidence.

Next, the ALJ found Dr. Johnson's remaining opinion unpersuasive because it was inconsistent with Plaintiff's ADLs. AR 27. A medical opinion can be undermined by a claimant's reported activities if supported by substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). Yet, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)).

Here, as stated above, the ALJ found Plaintiff's ability to take care of household tasks as needed, check her blood sugar daily, drive, and finish what she starts was inconsistent with Dr. Johnson's remaining opinion. AR 27. The Court notes Defendant only argues the ALJ did not

error because Dr. Johnson's opinion conflicted with Plaintiff's ability to perform household chores. Dkt. 15 at 7. Defendant provides a conclusory argument and fails to evaluate the household chores that Plaintiff testified she could complete. Defendant did not argue the other ADLs identified by the ALJ (checking her blood sugar daily, driving, and finishing what she starts) support his decision. The Court finds Defendant's conclusory argument is insufficient to show the ALJ did not err.

The ALJ failed to explain how Plaintiff's ADLs were inconsistent with Dr. Johnson's opinion that Plaintiff would have a difficult time focusing, persisting, and completing complex tasks. *See* AR 27. For example, the ALJ did not adequately show that Plaintiff's ability to check her blood levels, drive, or manage household chores are complex tasks or require her to focus and persist over time. Moreover, the record citation provided by the ALJ does not support the ALJ's finding. Plaintiff stated she could clean, do laundry, and sweep for an hour or so every few days. AR 328. When she prepares her meals, she cooks microwave meals and makes sandwiches. AR 328. She stated she does not do well with changes in her routine. AR 332. Plaintiff also reported limited ADLs to Dr. Johnson. *See* AR 647. Overall, the ALJ has failed to explain how Plaintiff's ADLs are inconsistent with Dr. Johnson's remaining opinion and, importantly, the record fails to support the ALJ's finding. Therefore, the ALJ's second reason for finding Dr. Johnson's remaining opinion unpersuasive is not supported by substantial evidence.

Finally, the ALJ found Dr. Johnson's opinion was inconsistent with the overall record. AR 27. The ALJ does not adequately explain how Dr. Johnson's opinion is inconsistent with the record. The ALJ must do more than offer his conclusions. *Embrey*, 849 F.2d at 421. Rather, "the ALJ [must] provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Id*. at 422. Here, the ALJ only provided his conclusion that Dr. Johnson's opinion was

inconsistent with the record because there was no finding of distractibility or attentional abnormalities on a medical evaluation. The ALJ did not cite to any portions of the record that supports this conclusion. Further, the ALJ did not explain why a lack of distractibility or attentional abnormalities undermines Dr. Johnson's examination of Plaintiff, which included an MSE. Therefore, the ALJ's final reason for finding Dr. Johnson's opinion unpersuasive is not valid. *See Woods,* 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

In summation, the ALJ found portions of Dr. Johnson's opinion persuasive but did not include those limitations in the RFC. Further, the ALJ did not provide adequate reasons supported by substantial evidence for discounting the remaining portion of Dr. Johnson's opinion. Accordingly, the ALJ erred.

D. *Harmless Error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

Had the ALJ properly considered all of Dr. Johnson's opinion, the RFC would have included additional limitations. For example, Dr. Johnson found Plaintiff would have difficulties

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION TO DENY
BENEFITS - 8

focusing and persisting over time and performing complex tasks. Dr. Johnson also found Plaintiff could understand and follow basic instructions and interact with the public and coworkers.[2] However, there are no mental limitations in the RFC. *See* AR 23. The ultimate disability determination may change if limitations opined to by Dr. Johnson are included in the RFC and considered throughout the remaining steps of the sequential evaluation process. Accordingly, the ALJ's error is not harmless and requires reversal.

IV. Conclusion

Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff was not disabled. Plaintiff requests remand for further administrative proceedings. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) in accordance with this Order.

Dated this 12th day of July, 2024.

David W. Christel
United States Magistrate Judge

---

[2] Defendant argues that failure to include limitations related to Plaintiff's ability to understand and follow basic instructions and interact with the public and coworkers in the RFC is harmless because the limitations are unnecessary to perform the jobs identified at Step 5. Dkt. 15. However, the Court finds the ALJ erred in his consideration of Dr. Johnson's entire opinion and Defendant does not argue harmless error related to Dr. Johnson's remaining opinion.